[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15219

_____

D.C. Docket No. 1:14-cr-20585-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ANDREW WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2015)

Before HULL and BLACK, Circuit Judges, and ANTOON,* District Judge.

PER CURIAM:

_____

*Honorable John Antoon II, United States District Judge for the Middle District of
Florida, sitting by designation.

James Washington appeals the district court's denial of his motion to dismiss the indictment on double jeopardy grounds, filed after the district court declared a mistrial over his objection.[1]  After careful review of the record and the parties' briefs, we affirm.

## I.  BACKGROUND

On August 19, 2014, a grand jury indicted Washington for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Washington entered a plea of not guilty and his trial began on November 17, 2014.  After the jury was empaneled and administered the oath, the district court instructed the jurors not to discuss the case with anyone, including each other, until the case was over and they went back into the jury room to begin their deliberations.

The government called Denard Birch as its first witness.  Birch, a friend of Washington's, testified that he was the passenger in Washington's car on the day of Washington's arrest.  Washington was the driver.  Birch testified that, at one point Washington got out of the car and noticed police officers, then jumped back into the car and tossed a firearm on the floor of the passenger seat.  Birch testified that there was no gun on the floor of the passenger seat when he got into the car, he did not own a gun, and he was not a convicted felon.  At the conclusion of Birch's

---

[1]See United States v. Benefield, 874 F.2d 1503, 1505 (11th Cir. 1989) ("A denial of a motion to dismiss based on double jeopardy grounds is an appealable final order.").

2

testimony, the court recessed for the day and reminded the jury not to discuss the case with anyone.

## A.    Declaration of Mistrial

On the second morning of trial, before any other witnesses testified, the six jurors who had already arrived told the courtroom deputy that "they did not understand Mr. Birch at all" and "could not understand what [Birch] said." The district court informed the parties and asked if either party had a solution to the "jurors' inquiry or statement."

The government noted that it was concerned that the jurors' statement suggested that they had been discussing Birch's testimony among themselves. The government contended that even having conversations about how Birch testified or how he spoke was a small step toward evaluating his testimony. Despite acknowledging that it might be "excessively cautious," the government stated that it would agree to a mistrial and to start over with a new jury, particularly because there would not be a great deal of time lost.

Washington countered he did not think that a mistrial was appropriate at that time, but "of course would defer to the Court on that issue."

The district court asked Washington if he would agree to the government's recalling Birch. Washington declined, stating that the government had had its opportunity to deal with any issues surrounding Birch's testimony and that recall

3

would prejudice Washington.[2]  The district court highlighted that it had the discretion to allow the government to recall a witness in order to effectively present and ascertain the truth, and Washington's objection to recalling Birch was "tantamount to agreeing with the Government for a mistrial."  Ultimately, the district court declared a mistrial.

Washington objected to the declaration of a mistrial.  The district court responded, stating, among other things, that the jury had begun to discuss the case in violation of the court's order.  After the objection, the district court again declared a mistrial, discharged the jury, and informed the parties that a new trial would begin that afternoon.

## B.     Motion to Dismiss Indictment

During a recess, Washington filed a motion to dismiss the indictment based on the Double Jeopardy Clause, arguing that: (1) there was no manifest necessity for the mistrial and that the government should have borne the consequences of presenting its evidence through its chosen witness; (2) Birch's testimony was not unintelligible; and (3) Washington had the right to have his case decided by the empaneled jury.  Because jeopardy attached when the jury was sworn, Washington asked the district court to dismiss the indictment.

---

[2]The district court docket reflects that Birch also testified at a suppression hearing on November 12, 2014.

The government opposed Washington's motion.  Because Washington at first appeared to prefer the option of declaring a mistrial, the government argued that his subsequent objection to the declaration of a mistrial constituted either waiver or invited error.  The government stated that there was manifest necessity for a mistrial based on the various reasons laid out by the district court.

The district court explained that declaring a mistrial was a manifest necessity, in the absence of any other remedy on which the parties could agree.  The jurors had begun (1) to evaluate the demeanor, style, and presentation of a witness before the end of the case, and (2) to deliberate prematurely by sharing with the district court that they did not understand Birch's testimony.  Accordingly, the district court orally denied Washington's motion to dismiss the indictment, and further denied a stay pending an interlocutory appeal.

On November 19, 2014, Washington filed a notice of interlocutory appeal.

On the same day, the district court entered a written order finding Washington's motion to dismiss the indictment to be "dilatory and frivolous," and thus, his interlocutory appeal did not bar retrial.  Specifically, the district court explained that it was beyond dispute that the discussion of the witnesses and evidence prior to the end of the case qualified as juror misconduct, and it was within the court's discretion to determine that this misconduct necessitated a mistrial.  Given the jury's misconduct, there was a manifest necessity to declare a

5

mistrial and preserve the integrity of the jury's deliberative process.  Although the district court had considered alternatives to mistrial, none were feasible.  The record of Birch's testimony was incomplete, which foreclosed the possibility of reading the trial transcript to the jurors, and Washington objected to the proposed recall of Birch.

On November 20, 2014, this Court granted Washington's emergency motion to stay retrial pending the outcome of his interlocutory appeal.

## II.  STANDARD OF REVIEW

We review the district court's denial of a motion to dismiss the indictment for abuse of discretion.  United States v. Davis, 708 F.3d 1216, 1221 (11th Cir. 2013).  The deference given "to the district court's declaration of a mistrial varies according to the circumstances, which include the basis for the order of mistrial and the trial judge's exercise of sound discretion in making the decision."  United States v. Therve, 764 F.3d 1293, 1298 (11th Cir. 2014) (quotation marks omitted).  We review whether there was manifest necessity for a mistrial by reviewing the entire record in the case without limiting the review to the actual findings of the trial court.  Id.

## III.  DISCUSSION

**A.    Double Jeopardy Principles**

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from being subjected to multiple prosecutions for the same offense. U.S. Const. amend. V.  Jeopardy attaches when the jury is empaneled and sworn, and, "[o]nce jeopardy attaches, a defendant has a constitutional right to have his case decided by that jury, except under limited circumstances."  Therve, 764 F.3d at 1298.

Where the district court grants a mistrial over a defendant's objection, "[t]he Double Jeopardy Clause bars the government from retrying [him] unless, taking all the circumstances into consideration, there was a manifest necessity for the mistrial, or the ends of public justice would otherwise have been defeated by continuing the trial."  United States v. Chica, 14 F.3d 1527, 1531 (11th Cir. 1994) (quotation marks omitted and alterations adopted).  Whether manifest necessity exists for the declaration of a mistrial is a fact-intensive inquiry, and "application of the doctrine is incompatible with a mechanical application of rules and exceptions."  Therve, 764 F.3d at 1298 (quotation marks omitted).

Generally speaking, "[a] trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial."  Illinois v. Somerville, 410 U.S. 458, 464, 93 S. Ct. 1066, 1070 (1973).  Additionally, "a trial judge is vested with broad

7

discretion in responding to an allegation of jury misconduct, and that discretion is at its broadest when the allegation involves internal misconduct such as premature deliberations, instead of external misconduct such as exposure to media publicity." United States v. Dominguez, 226 F.3d 1235, 1246 (11th Cir. 2000).

Although a "high degree" of necessity is required before concluding that a mistrial is appropriate, Arizona v. Washington, 434 U.S. 497, 506-07, 98 S. Ct. 824, 831 (1978), a district court does not abuse its discretion in declaring a mistrial simply because other alternatives might have been permissible, Dominguez, 226 F.3d at 1247. The district court "should consider whether any alternatives to a mistrial are available, but the failure to adopt or consider a particular alternative is not constitutional error." Venson v. Georgia, 74 F.3d 1140, 1145 (11th Cir. 1996).

## B.    Washington's Case

Washington argues that the mistrial was not supported by manifest necessity, and thus, his retrial would result in a double jeopardy violation. According to Washington, any premature deliberations regarding Birch's testimony likely constituted only a brief departure from the "proper process for jury decisionmaking," and the district court's stated willingness to proceed with the recall of Birch contradicted the finding that the deliberations had been irreparably corrupted.

8

Here, the district court did not abuse its discretion in denying Washington's motion to dismiss the indictment based on double jeopardy grounds because there was sufficient justification, in the record as a whole, for finding that a mistrial was a manifest necessity.[3]

While the record does not indicate the extent to which the jurors actually had deliberated among themselves about the government's case, the jurors' discussion of Birch's testimony and his manner of speaking constituted premature discussions on some level. And a district court is undoubtedly vested with broad discretion to determine that a mistrial is manifestly necessary when faced with internal trial errors, such as those caused by premature deliberations. See Dominguez, 226 F.3d at 1246-47.

Moreover, it is clear from the record that the district court also took time to consider the issue, inquired of the parties' positions, and carefully considered potential alternatives to mistrial. But there were problems with each of the alternatives proposed by the parties. While it may well have been permissible for the district court to allow the government to recall Birch, the district court cannot be faulted for honoring a defendant's objection to the recall. Furthermore, any of the potential options, short of declaring a mistrial, would have required the district

---

[3]Although disputed by the parties, it is unnecessary to parse the exact amount of discretion accorded to each reason articulated by the district court for its decision. We look to the record as a whole in determining whether the district court properly found that a mistrial was a manifest necessity. See Therve, 764 F.3d at 1298.

9

court to proceed with the case when at least six of the jurors had engaged in premature discussions. See United States v. Yonn, 702 F.2d 1341, 1345 n.1 (11th Cir. 1983) ("Any discussion among jurors of a case prior to formal deliberations certainly endangers that jury's impartiality.").

There is no doubt that Washington has a strong interest in having his case decided by his chosen jury. But that right cannot predominate over the public interest in a fair determination of the case, particularly where only one witness had testified and there is no indication that Washington would have been particularly inconvenienced by the mistrial. See Therve, 764 F.3d at 1298 (explaining that "district courts are permitted to declare a mistrial and discharge a jury only where, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated") (quotation marks omitted).

Finally, Washington's two procedural arguments are without merit. First, the district court did not err by failing to specifically address Washington's right to have his case decided by a single jury panel, or by failing to expressly find a mistrial to be a manifest necessity until the mistrial already had been declared. See Washington, 434 U.S. at 516-17, 98 S. Ct. at 836 (holding that a district court is not required to make a specific finding of manifest necessity or "articulate on the

record all the factors which informed the deliberate exercise of [its] discretion[,]" as long as the record as a whole provides sufficient justification for the ruling).

Second, the district court's failure to inquire further into the exact extent of the premature deliberations did not constitute reversible error, in light of the record as a whole. See United States v. LaSpesa, 956 F.2d 1027, 1033 (11th Cir. 1992) (stating that a district court possesses broad discretion to determine the appropriate method of investigation when faced with an allegation of juror misconduct).

## IV.  CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in declaring a mistrial, and thus, retrial is not barred by double jeopardy.  Accordingly, we affirm the district court's denial of Washington's motion to dismiss the indictment.

**AFFIRMED.**